UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| RONALD S. WRIGHT, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:12 CV 493 |
| | ) |
| PORTER COUNTY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION and ORDER

Ronald S. Wright, Sr., a *pro se* prisoner, filed a complaint pursuant to 42 U.S.C. § 1983. (DE # 1.) According to the clerk's financial records, the court is now in receipt of the initial partial filing fee. Accordingly, Wright's "motion to proceed" (DE # 15) and "motion to summons defendants" (DE # 16) are granted in part as stated below.

Pursuant to 28 U.S.C. § 1915A, the court must review a complaint filed by a prisoner and dismiss it if the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). To survive dismissal, the complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. In other words, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank,*

*N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). Nevertheless, a *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Here, Wright alleges that he was denied proper medical care at the Porter County Jail. Specifically, he alleges that he was housed at the jail as a pretrial detainee from May 2011 to January 2012, and that during that period, he was denied treatment for Acquired Immune Deficiency Syndrome ("AIDS"). He claims that upon his arrival at the jail he told Cheryl Clasko, the intake nurse, about his condition and his need for medication, but she did not take any steps to have him examined by a physician. He claims that he made several more requests for medical care to the nursing director, Ms. K. House, and the jail warden, John J. Widup, including speaking with them in person on one occasion. Nevertheless, he claims he was not seen by the jail physician, Dr. Al Shami, until July 2011, three months after his arrival at the jail. He further claims that Dr. Shami refused to prescribe any medication until he was seen by a "medical specialist," even though he was suffering significant ill effects of his condition by that time, including "severe constipation, infected bed sores and thrush." He claims that he saw the medical specialist in October 2011, six months after his arrival, and began receiving proper treatment at that point. However, due to the delay in treatment he allegedly suffered memory loss, blood in his stool, "viral growths" which had to be surgically removed after he left the jail, and a significant increase in his "viral load." He

alleges that he also suffered severe anxiety and mental anguish due to the lack of treatment, including experiencing panic attacks and hallucinations.

Inmates are entitled to adequate medical care under the Eighth Amendment.[1] *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability the prisoner must show: (1) he or she had an objectively serious medical need; and (2) the defendant acted with deliberate indifference to that need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that "a physician has diagnosed as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference is "something approaching a total unconcern for a prisoner's welfare in the face of serious risks," or a "conscious, culpable refusal" to prevent harm. *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). As the Seventh Circuit has explained: "[T]he defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations omitted). For a medical professional to be held liable for deliberate indifference, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person

---

[1] Because Wright was a pretrial detainee at the time of these events, the Fourteenth rather than the Eighth Amendment applies. *Lewis v. Downey*, 581 F.3d 467, 473 (7th Cir. 2009). The governing standards are functionally equivalent, however, and "anything that would violate the Eighth Amendment would also violate the Fourteenth Amendment." *Id*.

3

responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008).

Giving Wright the inferences to which he is entitled at this stage, he has alleged that he had a serious medical need while he was housed at the jail. He also alleges facts indicating that Ms. House, Warden Widup, Nurse Clasko, and Dr. Shami were personally aware of his medical condition, but delayed in providing treatment for several months, causing him significant injury. Wright has alleged enough to proceed past the pleading stage against these defendants.

Wright also names Porter County and Porter County Sheriff David Lain as defendants, apparently because they employed the jail staff involved in these events. However, there is no general *respondeat superior* liability under 42 U.S.C. § 1983. *See Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001). Although Wright could also state a claim against these municipal defendants under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), he does not plausibly allege the existence of an unconstitutional official policy or practice at the jail that prohibits proper treatment of detainees with AIDS. At most he alleges that he was not properly treated, and one incident of misconduct cannot establish an unlawful practice. *See Thomas v. Cook County Sheriff's Dept.*, 604 F.3d 293, 303 (7th Cir. 2010) (observing that there are no "bright-line rules defining a 'widespread custom or practice'" for purposes of *Monell*, "except that it must be more than one instance"). Accordingly, Porter County and Sheriff Lain will be dismissed. Wright also sues the jail itself, but this is a building, not a "person" or even a

4

policy-making body that can be sued for constitutional violations. 42 U.S.C. § 1983; *Dye v. Wargo*, 253 F.3d 296, 299 (7th Cir. 2001) (observing that "[Section] 1983 applies only to a 'person' who acts under color of state law."). The jail will also be dismissed as a defendant.

Wright next sues Captain Robert Taylor, a correctional guard who allegedly transported him to the office of the medical specialist in November 2011. It is not entirely clear why Wright believes Captain Taylor should be held liable. However, it is apparent that Wright was being treated by medical professionals at that point, and as a non-medical staff member, Captain Taylor was entitled to defer to their judgment regarding the appropriate treatment for Wright's condition. *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Similarly, Wright sues Mr. Cavanaugh, a corporal on the correctional staff, who allegedly commented to him at intake that he should not let the other inmates know about his illness. This comment may have been inappropriate or insensitive, but there is nothing to indicate that Mr. Cavanaugh was responsible for Wright's medical treatment, or that he interfered in any way with Wright's ability to obtain treatment from medical staff. Indeed, Wright makes clear that he was also assessed by a nurse at intake, and Mr. Cavanaugh was entitled to defer to her judgment about Wright's need for medical treatment. *Id.* Accordingly, Captain Taylor and Mr. Cavanaugh will be dismissed as defendants.

For the reasons set forth above, the court:

(1) **GRANTS IN PART** the plaintiff's "motion to proceed" (DE # 15) and "motion to summons defendants" (DE # 16);

(2) **GRANTS** the plaintiff leave to proceed against John J. Widup, Ms. K. House, Cheryl Clasko, and Dr. Al Shami in their individual capacities for compensatory and punitive damages for failing to provide him with adequate medical care;

(3) **DISMISSES** Porter County, David Lain, Robert Taylor, Mr. Cavanaugh, and the Porter County Jail;

(4) **DISMISSES** any and all other claims contained in the complaint;

(5) **DIRECTS** the United States Marshals Service to effect service of process on John J. Widup, Ms. K. House, Cheryl Clasko, and Dr. Al Shami; and

(6) **ORDERS** John J. Widup, Ms. K. House, Cheryl Clasko, and Dr. Al Shami to respond, as provided for in the FEDERAL RULES OF CIVIL PROCEDURE and N.D. IND. L.R. 10.1, only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

                **SO ORDERED.**

Date: March 19, 2013

                s/James T. Moody
                JUDGE JAMES T. MOODY
                UNITED STATES DISTRICT COURT